## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TYQUANN BROWN, | * | |
| Petitioner | * | |
| v. | * | Civil Action No.  DKC-12-2318 |
| J. F.  CARAWAY | * | |
| Respondent | * | |
| | **** | |

## MEMORANDUM OPINION

Pending is Tyquann Brown's Petition for Writ of Habeas Corpus pursuant to § 28 U.S.C. §

2241.  Respondent John F. Caraway, Warden of the Federal Correctional Institution in Cumberland

Maryland, by his counsel, moves for dismissal or, in the alternative, for summary judgment.  ECF

No. 5.  Petitioner has not filed a response.[1]  After consideration of the papers, the court deems a

hearing unnecessary to resolve the issues.  *See* Local Rule 105.6 (D. Md. 2011).  For the reasons that

follow, summary judgment will be entered in favor of Respondent and against Petitioner.

### I.      Background

Brown is currently confined at the Federal Correctional Institution in Cumberland, Maryland.

In this Petition, he claims that the Bureau of Prisons ("BOP") incorrectly calculated his federal

---

[1]Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on September 12, 2012, Petitioner was notified that Respondent had filed a dispositive motion, the granting of which could result in the dismissal of his action. ECF No. 6. Petitioner was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court. *Id.*

Respondent recently filed electronically exhibit 1, the declaration of Kara Carr.  The court understands that the declaration, along with the motion to dismiss or, in the alternative, for summary judgment and all other exhibits was served on Petitioner in September, 2012, and that only Respondent's filing with the court omitted the exhibit.

sentence by failing properly to credit time spent in pre-trial detention.  Petitioner claims that he is entitled to prior custody credit from April 18, 2008 through March 26, 2009.  ECF No. 1.

## II.     Facts

Brown is serving a 188 month sentence followed by three years supervised release with a projected release date of  March 14, 2024. ECF No. 5, Ex. 1H & 1J .  The undisputed chronology of events is as follows:

**October 15, 2006**  Petitioner was paroled from the Pennsylvania Department of Corrections following service of  a 3 to 10 year and 4 to 10 year sentence for drug related offenses imposed in Case Numbers 3520-CR-2000 and 1179-CR-2001.

**June 20, 2007**   A two count indictment was returned in the United States District for  the Middle District of Pennsylvania charging Petitioner with conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846 and distribution and possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1).  The charged conduct occurred on or about April 1, 2007 through June 15, 2007.  Petitioner was on state parole at the time.

**July 18, 2007**  Petitioner's state parole supervision officer declared him delinquent.[2]

**February 8, 2008**  Petitioner was charged in the Dauphin County Court of Common Pleas in Harrisburg, Pennsylvania with the manufacture, delivery or possession with intent to manufacture or deliver controlled dangerous substance in regard to an offense that occurred on March 23, 2007.

**March 23 and 29, 2008**  The Dauphin County Drug Task Force made two controlled buys, using a confidential informant, from Petitioner.

**April 18, 2008**  Petitioner was arrested by the Pennsylvania State Police.  He was charged in the Dauphin County Court of Common Pleas, Harrisburg, Pennsylvania with possession with intent to deliver cocaine, criminal conspiracy, and possession of a small amount of marijuana.

**May 22, 2008**   The Pennsylvania Board of Probation and Parole ordered Petitioner recommitted as a parole violator when available.

---

[2] His whereabouts were unknown until he was arrested on April 18, 2008.

**June 5, 2008**  The U.S. District Court for the Middle District of Pennsylvania issued a Writ of Habeas Corpus ad Prosequendum for Petitioner.

**June 17, 2008**  Petitioner was temporarily transferred to federal custody pursuant to the Writ. He was transported from the Dauphin County Prison by the U.S. Marshals Service (USMS) to federal court and returned to Dauphin County Prison that same day.

**January 23, 2009**  A one count Information was filed in the U.S. District Court for the Middle District of Pennsylvania charging Petitioner with Distribution and Possession with Intent to Distribute Crack Cocaine from on or about April 1, 2007 through April 18, 2008, in violation of 21 U.S.C. § 841(a)(1).

**January 26, 2009**  The U.S. District Court for the Middle District of Pennsylvania issued a Writ of Habeas Corpus Ad Prosequendum.

**January 28, 2009**  Petitioner was transferred to federal custody and pled guilty, pursuant to a plea agreement, to the one-count Information and the government agreed to dismiss the indictment at sentencing.

**January 29, 2009**  Petitioner was returned to Daulphin County Prison.

**January 30, 2009**  Petitioner's pending state charges were dismissed in lieu of the federal prosecution.  Petitioner remained in state custody due to the Pennsylvania Board of Probation and Parole's order directing he be recommitted for the violation of parole.

**March 26, 2009**  Petitioner was recommitted to SCI Camp Hill, a Pennsylvania state facility, as a state parole violator.

**July 20, 2009**  The U.S. District Court for the Middle District of Pennsylvania issued a Writ of Habeas Corpus ad Prosequendum.

**July 22, 2009**  Petitioner was transported by the USMS to the U.S. District Court for the Middle District of Pennsylvania and sentenced to a 188 month term of imprisonment for distribution and possession with intent to manufacture and distribute crack cocaine in violation of 21 U.S.C. §841(a)(1).  The federal sentence was imposed to run consecutive to the revocation sentence Petitioner was then serving in the Dauphin County, Pennsylvania cases.  Petitioner was returned to state custody at SCI Camp Hill.

**July 22, 2010**  Petitioner was paroled from state custody.

ECF No. 5, Ex. 1B-1J.

The BOP calculated Petitioner's federal sentence to begin on July 22, 2010, the date he was paroled from his state sentence. *Id*., Ex. 1J.  Petitioner's projected good conduct time release date is March 14, 2024.  Petitioner received credit toward his state sentence for all time spend in custody from April 18, 2008 to July 21, 2009, the date of his federal conviction.  *Id*., Ex. 1F.  Petitioner's sentence computation and release date have been reviewed by the BOP's Designation and Sentence Computation Center (DSCC) and certified correct.  *Id*., Ex. 1.

### III.    Standard of Review

Fed.R.Civ.P. 56(a) provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.' " *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir.2003) (quoting Fed.R.Civ.P. 56(e)).  The court should "view the evidence in the light most favorable to .... the nonmovant, and draw all reasonable inferences in [the nonmovant's] favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Medical Center, Inc*., 290 F.3d 639, 645 (4th Cir.2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from

4

proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir.1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

### IV.    Discussion

Authority to calculate a federal prisoner's period of incarceration for the sentence imposed and to provide credit for time served is delegated to the Attorney General, who exercises it through the BOP. *See United States v. Wilson*, 503 U.S. 329, 334-35 (1992).   A federal sentence to a term of imprisonment begins "on the date the defendant is received in custody awaiting transportation to… the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).

Prior custody credit is governed by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b).

The BOP determines when a defendant's sentence starts and whether credit is awarded for any time spent in custody.  *See United States v. Montez-Gaviria*, 163 F.3d 697, 700-01 (2nd Cir. 1998); *see also* 18 U.S.C. § 3585(a).  Double-counting or awarding an inmate credit on a federal sentence period that has already been credited against his state sentence is precluded by statute. *See* 18 U.S.C. § 3585(b) (2); *see also Wilson*, 503 U.S. at 337 (stating "Congress made clear that a defendant could not receive double credit for his detention time."); *U.S. v Brown*, 977 F.2d 574 (4th Cir. 1992) (holding that a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against

5

another sentence.).   Where, as here, an inmate has sentences imposed by federal and state authorities, the sovereign that arrested him first acquires and maintains primary jurisdiction until the sentence imposed by that sovereign has been satisfied.  *See United States. v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998) (explaining principle of primary jurisdiction as set forth in *Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922)).

Petitioner claims that he is entitled to federal credit for the time spend in custody from April 18, 2008, the date of his state arrest, through March 26, 2009, the date he was recommitted to SCI Camp Hill, Pennsylvania.  ECF No. 1.  Petitioner errs in both his understanding of who effected his arrest and whether he received any credit for that period of  time in custody.

Petitioner was arrested by Pennsylvania State Police on April 18, 2008, and detained in the Dauphin County Prison in Harrisburg, Pennsylvania.  Petitioner was briefly transported to federal court based on a writ of habeas corpus ad prosequendum issued by the federal court.  The state however, exercised and retained primary jurisdiction over him.  When a state exercises primary jurisdiction over a defendant, a detainer or a writ of habeas corpus ad prosequendum subsequently issued by federal authorities does not change the defendant's primary jurisdiction status. *See Thomas v. Whalen*, 962 F.2d 358, 358–60 (4th Cir.1992).  The writ of habeas corpus ad prosequendum specifically recognizes the state's primary jurisdiction and the intention of the federal authorities to "borrow" the defendant for court proceedings and return the defendant to state custody to complete his state sentence. *Id*. at 358 n. 3.

Petitioner received four hundred and fifty-nine days of prior custody credit from the Commonwealth of Pennsylvania, for the period of April 18, 2008 through July 21, 2009,  toward his

6

state parole violator sentence.  Under 18 U.S.C. § 3583(b) Petitioner is not entitled to credit toward his federal sentence for time spent in the primary custody of state authorities.

In summary, the BOP correctly computed Petitioner's federal sentence and he has been properly credited by the Commonwealth of Pennsylvania for his time in state custody.  No genuine questions of material fact exist and summary judgment will be granted in favor of Respondent and against Petitioner.

## V.      Certificate of Appealabilty

A petitioner in a habeas corpus proceeding has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c) (1).  Rather, a district court must first issue a Certificate of Appealability (COA).  *Id.*  "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id*. at § 2253(c) (2).  To make such a showing, the defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,"  *Tennard v. Dretke,* 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.' "  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983).  Petitioner has not made the requisite showing in these circumstances.

## VI.     Conclusion

For the reasons stated, the court will grant summary judgment in favor of Respondent and against Petitioner.  A separate order follows.

Date:   April 18, 2013                          /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge

7